CHICK & DEUT *v.* J. H. TUCKER ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—311.]

**Husband and Wife—Pledge of Wife's Note.**

The husband is the real owner of a note given for the sale of his wife's land, but taken in his name and reduced to his possession, and he may pledge such note as collateral; and upon the death of the wife her heirs can not maintain a claim to such note.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 5, 1881.

OPINION BY JUDGE PRYOR:

While the lien for the purchase-money was retained in the original deed from Tucker and wife to Elliston and others, it is evident that when Tucker made the trade with Chick and Deut there was a change in the notes, and this was done in order to enable the parties to transfer to Chick and Deut their interest in the large note, or to

place it with them as a collateral. Some of the parties are evidently mistaken as to the nature of the transaction; but the version of the transaction, as detailed by the witness for the appellee, is perfectly consistent with the transaction itself, and this court will not disturb the judgment of the court below on this branch of the case. The land sold by Tucker and wife, it seems, was the land of the wife, and the notes payable to her, and afterwards sold and disposed of by the husband and wife in their business transactions. The note was pledged to the bank or to Benton to secure the payment of the amount due Benton for the Bullitt county land, and although the husband says it was without the wife's knowledge, still he had the note in his possession, and had been using it prior to the pledge for like purposes, and, we are satisfied, by the consent of the wife.

This land in Bullitt county, it seems, is claimed to have been purchased by the wife or for her use, although the notes of the husband were executed for the purchase-money, but whether so or not the husband pledged the note to Benton. The wife is now dead, and her right of survivorship or an equitable settlement is not involved; but on the contrary the husband is the real owner, and by right of survivorship entitled to the note or its proceeds. He had the note not only in his possession, but had pledged it; and, the wife dying, we see no reason for denying to the husband the right to dispose of it, and the chancellor will certainly do so for him in a case like this. The note was pledged to secure the payment of the notes due on the Bullitt county land, and when these notes are paid, the vendor having a lien, the husband is entitled to the note or its proceeds held by the bank as collateral only. It clearly appears that the land in lien for the purchase-money on the original sale of Tucker and wife is insufficient to pay or satisfy the several lines, and therefore the bank should be required to subject the Bullitt county land and what is left unpaid of the purchase-money. The lien to that extent can be enforced in conjunction with the lien of appellants on the land sold by Tucker and wife to Elliston. The case should be retained on the docket until the bank may ascertain by a sale of the Bullitt county land the extent of its interest in the $6,200 note.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

Russell & Helm, for appellants.
Barnett & Noble, for appellees.